# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Baron Dupree Davis, | No. CV-24-01973-PHX-SHD (DMF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Morelos, et al., | |
| Defendants. | |

**TO THE HONORABLE SHARAD H. DESAI, UNITED STATES DISTRICT JUDGE:**

On October 21, 2024, this case was referred to undersigned United States Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1) (Doc. 9 at 13).

This matter is before the Court on Plaintiff's Request for Leave to Amend Complaint (Doc. 34), which included Plaintiff's proposed First Amended Complaint (*Id.* at 3-27). Defendants Morelos and McDaniel ("Defendants") responded in opposition (Doc. 44). Plaintiff filed a reply (Doc. 46).

The Court has carefully reviewed and considered the pending motion and associated briefing, the proposed first amended complaint, the pertinent docket filings in this matter, and applicable law. As set forth below, it is recommended Plaintiff's motion to amend be denied.

**I.      PROCEDURAL POSTURE**

In 2024, Plaintiff filed the Complaint initiating this matter (Doc. 1).  In October 2024, the Court issued an order screening Plaintiff's Complaint ("Screening and Service Order"), which dismissed without prejudice Plaintiff's official-capacity claims, dismissed without prejudice Counts One and Three, and dismissed without prejudice Defendants Howard, Garcia, O'Donnell, and Barreras (Doc. 9).  In addition, the Court ordered Defendants Morelos and McDaniel to answer Count Two of the Complaint (*Id.* at 10).  Also, the Court ordered:

> If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be retyped or rewritten in its entirety on the court-approved form for filing a civil rights complaint by a prisoner (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(*Id.*).

On May 20, 2025, Defendants Morelos and McDaniel filed an Answer (Doc. 41). A few days later, the Court issued a Scheduling and Discovery Order (Doc. 43).

The pending motion to amend is Plaintiff's second motion for leave to amend the complaint (Docs. 27, 28, 29).  On April 4, 2025, the Court denied Plaintiff leave to amend, stating that:

> Plaintiff's motion to amend and proposed first amended complaint (Docs. 27, 28) do not comply with the Rules of Practice of the United States District Court for the District of Arizona, often referred to as "the Local Rules of Civil Procedure" or "LRCiv".  Rule 15.1 of the Local Rules of Civil Procedure, LRCiv 15.1, regarding amended and supplemental pleadings, states as follows:
>
> > (a)     Amendment by Motion.  A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added.  The proposed amended pleading must not incorporate by reference any part of the

preceding pleading, including exhibits. If a motion for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties under Rule 5 of the Federal Rules of Civil Procedure within fourteen (14) days of the filing of the order granting leave to amend, unless the Court orders otherwise.

(b)   Amendment as a Matter of Course or by Consent. If a party files an amended pleading as a matter of course or with the opposing party's written consent, the amending party must file a separate notice of filing the amended pleading. The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added. The amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If an amended pleading is filed with the opposing party's written consent, the notice must so certify.

Compliance with LRCiv 15.1 allows the Court to properly screen any proposed amended complaint, consistent with the previous screening order in a case. Further, a district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted).

In his pending motion to amend complaint, Plaintiff states that he "needs to add and/or remove Defendants and amend cause(s) of action" (Doc. 27). However, Plaintiff has not identified as required by LRCiv 15.1 or in any other reasonable fashion which allegations in his proposed first amended complaint are different from his Complaint so that the Court can parse through the allegations consistent with applicable law as set forth in the previous screening order. Plaintiff's motion and proposed amended complaint fail to comply with this Court's October 21, 2024, Order (Doc. 9 at 10).

Plaintiff's motion to amend (Doc. 27) will be denied because Plaintiff's motion and the proposed first amended complaint (Doc. 28) do not comply with LRCiv 15.1 and fail to comply with this Court's October 21, 2024, Order (Doc. 9 at 10). This is the second time that the Court has reminded Plaintiff of these requirements since the Court's October 21, 2024, Order (*see* Doc. 12 at 2).

> As the Court previously stated (Doc. 12 at 2), even a timely, compliant amended complaint filed with the Court cannot proceed to service and further litigation until and unless the amended complaint is screened by the Court pursuant to 28 U.S.C. § 1915A(a). Pending screening of a timely filed amended complaint, the case will continue to proceed on the remaining operative complaint claim and defendants per the Court's previous screening order, which is presently the Court's October 21, 2024, Order (Doc. 9).

(Doc. 29 at 2-3).

## II.  PLAINTIFF'S PENDING MOTION TO AMEND (Doc. 34) FAILS TO COMPLY WITH THIS COURT'S ORDER AND LRCiv 15.1 AND SHOULD BE DENIED ON SUCH BASIS

The requirements of LRCiv 15.1 have been brought to Plaintiff's attention three times (Doc. 9 at 10; Doc. 12 at 2; Doc. 29 at 2-3). As the Court previously stated (Doc. 29 at 3), compliance with LRCiv 15.1 allows the Court to properly screen any proposed amended complaint, consistent with the previous screening order in a case. Further, a district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted).

Despite Plaintiff's claim otherwise (Doc. 34), Plaintiff has not complied with LRCiv 15.1. Instead of adding additional averments to attempt to cure deficiencies in Plaintiff's Count I retaliation claim as identified in the Court's Screening and Service Order (Doc. 9), Plaintiff has simply crossed out Count I and rewritten such in its entirety in the proposed first amended complaint (Doc. 34 at 14-20). This is particularly problematic here because previously screened and surviving Count II's excessive force claim incorporates the allegations in Count I, has already been answered, and is proceeding in the discovery stage (*see* Doc. 1 at 12; Doc. 34 at 21). Redoing the complaint factual bases at this stage is not what LRCiv 15.1 or Fed. R. Civ. P. 15 anticipate or authorize, particularly given that the alleged events took place in 2023 in Plaintiff's presence (Doc. 1) and the Court screened the Complaint approximately five months before Plaintiff's motion to amend (Docs. 9, 34). Also, Plaintiff's proposed first amended complaint adds an additional page to previously dismissed Count Three without underlining such in compliance with LRCiv 15.1 or even

referencing such in the motion to amend (Doc. 34 at 1, 26).

Plaintiff's request to amend (Doc. 34) may be denied for the above reasons. Undersigned has authority to deny Plaintiff's motion to amend for failure to comply with LRCiv 15.1, but instead proceeds by Report and Recommendation for judicial economy in the event the District Judge wishes to excuse Plaintiff's non-compliance and to address the substantive aspects of Plaintiff's pending motion to amend.[1]  Indeed, Plaintiff's failure to fully comply with LRCiv 15.1 may be outweighed by Fed. R. Civ. P. 15(a)(2)'s requirement that leave to amend shall be freely given when justice so requires.  In any event, as explained below, Plaintiff's motion to amend fails substantively upon screening of the proposed first amended complaint.

### III. SCREENING PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT

#### A. Statutory Screening of Prisoner Complaints

As the Court stated in the Screening and Service Order:

---

[1] A magistrate judge's authority to enter an order, rather than to issue recommendations to the presiding district judge, is dependent on whether the matter before the magistrate judge is characterized as dispositive or non-dispositive of a party's claim or defense.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; LRCiv 72.1.  A magistrate judge has the authority to "hear and determine" non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013).  Section 636 and LRCiv 72.1 specifically enumerate matters to be treated as dispositive. *See* 28 U.S.C. § 636(b)(1)(A) (list does not include motions to amend but does include motions to dismiss for failure to state a claim upon which relief can be granted); LRCiv 72.1.  When a matter falls outside of those expressly enumerated matters, courts look to the effect of the issued ruling to determine whether the underlying matter should be considered dispositive or non-dispositive. *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015); *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004) ("we must look to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive") (internal quotation marks omitted).

It is particularly well-established that a magistrate judge is empowered to grant leave to amend. *See Bastidas v. Chappell*, 791 F.3d 1155, 1163–64 (9th Cir. 2015).  On the other hand, denial of a motion for leave to amend can be considered dispositive in some circumstances. *Id.* ("It should be no surprise that the magistrate judge's decision to grant a motion to amend is not generally dispositive; whether the denial of a motion to amend is dispositive is a different question entirely.  Just as 'it is of course quite common for the finality of a decision to depend on which way the decision goes,' [ ] so the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome") (internal citation omitted).  As a guiding principle, the court must look to the "effect of the motion" to determine whether it is dispositive or non-dispositive of a claim or defense of a party. *Rivera–Guerrero*, 377 F.3d at 1068 (internal citations omitted).  For example, denial of leave to amend on futility grounds may be considered dispositive in some circumstances. *See Morgal v. Maricopa Cnty. Bd. of Sup'rs,* 284 F.R.D. 452, 458 (D. Ariz. 2012).

> The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).
>
> A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*
>
> "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.
>
> But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

(Doc. 9 at 2). Given the statutory screening requirements, the Court rejects Plaintiff's reply argument that the Court should not address futility of amendment in the context of a motion to amend but rather only in motion to dismiss (Doc. 46 at 2).

### A. Count Three

The page added to Count Three (Doc. 34 at 26) is not even directed to the

- 6 -

deficiencies identified regarding Count Three in the Court's Screening and Service Order (Doc. 9 at 8-9). Plaintiff's asserted Count Three in his proposed first amended complaint (Doc. 34 at 22-26) remain barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### B.  Count One

In screening Plaintiff's original Complaint, the Court described Count One's First Amendment retaliation claim:

> On August 2, 2023, while Plaintiff was walking with another prisoner toward his housing pod at La Palma Correctional Center, Defendant Morelos asked Plaintiff for his name and housing location. Plaintiff gave Defendant Morelos his name and told her that he was housed in Navajo Building, A-section. According to Plaintiff, Defendant Morelos "realized and positively identified [Plaintiff] as the prisoner on the yard/unit in Navajo [B]uilding" who had submitted multiple grievances against Morelos's colleagues for their misconduct and unethical, unprofessional behavior. Immediately after Plaintiff identified himself to Defendant Morelos, without any provocation, hostility, or aggression by Plaintiff or anyone else in the surrounding area, Morelos "suddenly activated an Incident Command System (ICS)" emergency situation staff response, stating over her two-way radio that she had an "irate" prisoner and requesting backup. Plaintiff "[was not] even close to [Morelos] as she was standing atop a raised barrier-encompassed podium."
>
> After Defendant Morelos called for backup, she came down from the raised podium and "accosted [Plaintiff] in an unwarranted attempt to apprehend and restrain [him]." Defendant Morelos "very aggressively yelled at [Plaintiff] to 'turn around and cuff up.'" Plaintiff was "in more fear than confusion because [he] started to think [Defendant Morelos] may mean [him] more harm rather than good." Plaintiff asked Defendant Morelos multiple times, "What did I do?" Defendant Morelos continued to aggressively state, "You need to turn around and cuff up!" Morelos also told Plaintiff that he was going to be taken to the program office to be "stripped out," that is, strip-searched, but she would not tell Plaintiff what he had done or said to "make her approach [him] suddenly in such a manner."
>
> Plaintiff informed Defendant Morelos that he had ongoing medical conditions in his left shoulder and right elbow, which was "disabled" from his elbow to his hand, that he had undergone surgery on both his left shoulder and right elbow, and that these conditions were "medically document and ha[d] been for years." Plaintiff was not angry, hostile, or "irate, and he posed no threat to anyone. Plaintiff told Defendant Morelos that he had no problem

walking to the program office and "stripping out" but that if she wanted him to "cuff up," he needed to be double-cuffed so as not to cause him pain because of his medical conditions and avoid dislocating his shoulder.

"Main control" opened the main door to Navajo Building, and more officers arrived. Plaintiff walked out of the building with his hands up in a non-threatening manner and repeated to all staff present that he was not hostile, did not pose a threat to anyone, and did not understand why Defendant Morelos was "trying to paint [him] as 'angry' or 'irate.'" Defendant Morelos suddenly grabbed Plaintiff's right hand and arm and forcefully twisted his arm behind his back. Plaintiff instantly felt severe pain from his right wrist up to his right shoulder. Defendant Morelos told Defendant McDaniel to "do the same," and McDaniel grabbed Plaintiff's left hand, "twisting with aggression" Plaintiff's wrist and arm behind his back. Plaintiff instantly felt pain from his left wrist up to his left shoulder and felt as if his shoulder was going to dislocate. Plaintiff quickly pulled away from Defendants Morelos and McDaniel, who ignored his cries of pain.

As Plaintiff tried again to "just walk casually" to the programs office, putting his hands up and repeating that he needed to be double-cuffed and that he was not hostile, posed no threat to anyone, and had done nothing wrong, Defendant Morelos ordered Defendant McDaniel to spray Plaintiff with his bear spray. Defendant McDaniel grabbed his bear spray cannister and pointed it at Plaintiff's face. Plaintiff pleaded with Defendant McDaniel not to spray him and told McDaniel, "You know me, I'm not upset, or irate, or any of that, and I've never given you any problems, please don[']t spray me." Other prisoners who were present yelled, "don[']t spray him, he didn't do anything." Defendant McDaniel refused Defendant Morelos's repeated orders to spray Plaintiff.

Another supervisor arrived on the scene, and Plaintiff was double-cuffed and escorted to the program office. Defendant Morelos "use[d] the staff response situation to set [Plaintiff] up" with a 03B Minor Staff Assault disciplinary charge, "fictitiously reporting" that Plaintiff had "rushed the door" of Navajo Building when main control opened it and alleging that Plaintiff had "assaulted [Defendant] McDaniel by shoving him out [of] the way [and] striking McDaniel in the left side of his body with his elbow." Defendant Morelos wrote the disciplinary report and placed Plaintiff on verbal report for the rule violation. Defendants Garcia and Howard signed off on the disciplinary charge.

According to Plaintiff, Defendant Morelos's actions were "sadistic and malicious acts of reprisals/retaliation" for Plaintiff previously submitting

- 8 -

grievances against several of Morelos's colleagues at La Palma Correctional Center. Plaintiff "believe[s] all of [Morelos's] actions taken against [him] were done solely to seek vengeance, if not for pure discrimination." Plaintiff's claims regarding Defendant Morelos's conduct were "co[m]pletely ignored and never even slightly evaluated by any of Morelos's supervisor[]s or superiors." High-tech cameras were recording in the area during the entire incident, and multiple witnesses were present.

(Doc. 9 at 3-5). The Court dismissed Count One as failing to state a claim:

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights (or that the prisoner suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claim requires a prisoner to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff's allegations do not support a retaliation claim against Defendant Morelos. Plaintiff does not describe any of the grievances he submitted against La Palma Correctional Center staff, including when he submitted the grievances. Plaintiff also alleges no facts, beyond his speculation, that Defendant Morelos was aware of any of the grievances he submitted, let alone that any of Morelos's conduct was because of the grievances Plaintiff submitted against other officers. As presented, Plaintiff fails to state a claim in Count One, and it will be dismissed.

(Doc. 9 at 7-8).

Defendants accurately describe Plaintiff's new allegations in support of Count One:

[Plaintiff] alleges he spotted Defendant Morelos and approached her first. (Dkt. 34 at 15.) He then "exercised [his] constitutionally protected 1st amendment right to freedom of speech" by stating, "Excuse me sergeant, if the director ordered for all level three units to be opened and fully operating, why is it passed 8:00 a.m. and the recreational yard is still closed, and La

>Palma is still operating like a controlled movement level three unit?" (*Id.*) Defendant Morelos then stated, "I don't care what the director says this is La Palma, and we do what we want." (*Id.*) Plaintiff responded, "That doesn't answer my question exactly, but o.k. Y'all can try that, y'all have tried before, but I think the directors orders will have the final say. So are you guys going to open the rec yard sometime today?" (*Id.*) Defendant Morelos then asked Plaintiff his name and housing unit, and when Plaintiff replied with that information, Defendant Morelos activated an ICS for an irate inmate. (*Id.*) The remaining allegations are similar.

(Doc. 44 at 3).

Defendants argue that even taking Plaintiff's allegations as true, "Plaintiff has not factually established why asking a CoreCivic employee about LPCC's operational functions is constitutionally protected speech" (*Id.* at 3-5) and that "Plaintiff's new allegations fail to plausibly plead the second element of a retaliation claim—causation—because he still provides no facts indicating Defendant Morelos's actions were retaliatory rather than precautionary" (*Id.* at 5). Upon review, the Court agrees with Defendants' arguments and analysis. *See also Jones v. Hart*, No. 2:21-cv-0522-YY, 2023 WL 11833528, at *5-6 (D. Or. Mar. 20, 2023) (collecting, distinguishing, and discussing relevant opinions); *West v. Livesay*, No. 2:19-cv-07190-VBF-KES, 2022 WL 17185985, at *4 (C.D. Cal. Aug. 10, 2022) (finding verbal criticism was not protected conduct but verbal threats to sue were protected conduct). Further, the court rejects Plaintiff's argument that the Court must await a motion to dismiss regarding whether an incarcerated litigant has stated a claim upon which relief may be granted (Doc. 46 at 2). *See* section III(A), *supra*. Plaintiff's assertion that he needs to conduct discovery to discern what happened (Doc. 46 at 2) is also unpersuasive given that the events occurred in 2023 in Plaintiff's presence and that Plaintiff has not specified what discovery he would need to formulate a viable claim.

## VI. CONCLUSION

Applying the applicable legal standards and following the Court's previous Screening and Service Order, it is recommended that Plaintiff's motion for leave to amend the complaint (Doc. 34) be denied.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Request for Leave to Amend Complaint (Doc. 34) be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72. Also, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 13th day of June, 2025.

_____
Honorable Deborah M. Fine
United States Magistrate Judge